UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERNON J. HOOVER, | ) | CASE NO. 1:14-cv-2483 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIOINER OF SOCIAL SECURITY, | ) ) ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of plaintiff Vernon J. Hoover ("plaintiff" or "Hoover") for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. No. 18 ["Mot."].) Defendant Commissioner of Social Security ("defendant" or "Commissioner") opposed the motion (Doc. No. 21 ["Opp'n"]), to which plaintiff replied (Doc. No. 22 ["Reply"]). For the reasons that follow, the motion is granted in part and denied in part.

**A. Background**

Plaintiff filed this action seeking review of the Commissioner's denial of his application for disability insurance benefits and for supplemental security income. (Doc. No. 1.) After plaintiff filed his brief on the merits, the parties filed a joint motion to remand the case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 16.) The Court granted the motion, reversed the Commissioner's decision denying benefits, and remanded the matter for

further administrative proceedings. (Doc. No. 17.) Plaintiff's motion seeks an award of attorney fees in the amount of $10,862.50, representing 39.5 hours of work at a rate of $275.00 per hour, plus $400 in filing fees, for a total of $11,262.50. (Mot. at 1164.[1])

**B. Discussion**

The EAJA requires the government to pay a prevailing social security plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "Prevailing party" status is achieved within the meaning of the statute when a plaintiff succeeds in securing a sentence four remand order. *Shalala v. Schaefer*, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 125 L.Ed.2d 239 (1993). Plaintiff brought this action for judicial review of the Commissioner's decision denying benefits, and succeeded in securing a sentence four remand for further consideration of his application. Thus, plaintiff is a prevailing party under the statute.

In opposing the motion, the Commissioner does not argue that plaintiff is not entitled to reimbursement for the filing fee, or that the plaintiff is not entitled to a fee award under the EAJA.[2] Rather, the Commissioner contends that the hourly rate is excessive and that the number of hours charged is unreasonable for the services rendered. (Opp'n at 1184.) Specifically, the Commissioner argues that plaintiff has not justified an

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

[2] In opposing the motion, defendant does not maintain that the government's position was substantially justified. (Opp'n at 1184.) Nor is the Court aware of any reason that an award of fees in this case would be unjust.

2

hourly rate above the statutory rate of $125.00, and that the complexity and nature of this case does not support attorney hours in excess of 20-30 hours. (Opp'n at 1185-90.)

*Hourly rate*

The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, "unless the Court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The prevailing party bears the burden of providing evidence to support a higher hourly rate. *Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 450 (6th Cir. 2009) ("Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'") (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984)).

In support of the motion, plaintiff attaches the: (1) consumer price index for the time period in which services were provided (Doc. No. 19 at 1175-76)[3]; (2) affidavit of plaintiff's counsel stating that she has been practicing as an attorney specializing in Social Security disability cases since 2006 and that her non-contingent hourly rate is $275.00 (Aff. ¶¶ 5, 7); (3) "index" of plaintiff's counsel's time in this case totaling 39.5

---

[3] It appears plaintiff contends that, adjusting the statutory rate of $125.00 by the consumer price index, the EAJA compensable hourly rate is $185.00 or $186.48. (*See* Mot. at 1169 and Doc. No. 19 at 1177-80 (Affidavit of Diane G. Jaquish ["Aff."]) ¶ 17).)

hours[4] (Aff. ¶ 14); and the (4) affidavit of Attorney Marcia Margolius, describing her expertise and 32 years of experience in representing social security claimants and averring that the "value" of her hourly rate is $400.00[5] (Doc. No. 19 at 1181). Plaintiff argues that this supporting documentation justifies a higher hourly rate than the statutory rate of $125.00.

Upon review, the Court agrees that a rate higher than the statutory hourly rate of $125.00 is justified in this case, but does not agree that an hourly rate of $275.00 is reasonable. Plaintiff's counsel's EAJA time statement submitted in support of the motion indicates that legal services were rendered in this case from November 2014 to September 1, 2015. The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI.[6] *Janda v. Comm'r of Soc. Sec.*, No. 1:12CV1250, 2014 WL 792160, at *3 (N.D. Ohio Feb. 25, 2014) (collecting cases). The CPI adjustment of the statutory rate based upon the Midwest Urban CPI is $185.00.[7]

In addition to considering the CPI, the Court also considers the affidavits submitted by plaintiff. Plaintiff's counsel avers that her non-contingent hourly rate is $275.00. The Court is hesitant to unduly credit an attorney's affidavit as the sole basis for increasing the hourly rate above the statutory cap, but attaches some weight to it in light

---

[4] Plaintiff's counsel's time sheet reflects work on this case from November 2014 to September 2015.

[5] Plaintiff's counsel concedes that she has approximately one-third of Attorney Margolius' years of experience, and plaintiff requests a "proportionately lower fee rate" for his counsel. (Reply at 1195.)

[6] CPI is the acronym for Consumer Price Index. The Midwest Urban CPI may be found on the website of the Bureau of Labor Statistics (http://www.bls.gov).

[7] The average Midwest Urban CPI for the period that plaintiff's counsel rendered services is 224.18. Dividing this number by 151.7, the CPI for March 1996 when the EAJA value of $125 was established, the Court calculates the cost of living increase to be 1.48 (i.e. 224.18 ÷ 151.7 = 1.48). Multiplying $125 by that increase, the adjusted hourly rate is $185.00 (i.e. $125 x 1.48).

of the CPI adjustment. *See Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13CV1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014). Attorney Margolius, an attorney with more than three decades of experience in this practice area, avers that the "value" of her current hourly rate is $400.00 per hour, but does not state her actual hourly rate. That said, considering both the CPI and plaintiff's documentation, the Court concludes that this information is minimally sufficient to support an increase in the statutory rate in this case. *See Moxley v. Comm'r of Soc. Sec.*, No. 1:15CV1533, 2016 WL 5922382, at *2 (N.D. Ohio Sept. 7, 2016), *report and recommendation adopted sub nom. Moxley v. Colvin*, No. 1:15CV1533, 2016 WL 5903121 (N.D. Ohio Oct. 11, 2016) (identifying documentation required of plaintiff to justify an upward departure from the statutory hourly rate) (quoting *Hall v. Comm'r of Soc. Sec.*, No. 1:12–CV–01764, 2013 WL 6797663, at *3 (N.D. Ohio December 23, 2013)).

Accordingly, the Court exercises its discretion to award attorney fees in this case at the reasonable hourly rate under the EAJA of $185.00. *See Lovejoy v. Comm'r of Soc. Sec. Admin.*, No. 5:15-CV-1487, 2016 WL 3421474, at *2 (N.D. Ohio June 22, 2016) (EAJA fee award at hourly rate of $184.75 for services performed in 2015); *Baranski v. Astrue*, No. 1:14-CV-607, 2015 WL 5732599, at *2 (N.D. Ohio Sept. 29, 2015) (EAJA fee award at hourly rate of $187.50); *Ritchie v. Colvin*, No. 1:14-CV-01517, 2015 WL 5316065, at *2 (N.D. Ohio Sept. 11, 2015) (hourly rate reasonable under the EAJA is $185.75).

*Hours claimed*

The Court next examines the hours claimed—39.5 hours. The government contends that 39.5 hours is excessive. (Opp'n at 1188.) Specifically, the Commissioner argues that it was unreasonable for plaintiff's counsel to charge 9 hours to research and prepare the EAJA fee request when 2 hours should have been sufficient. The Commissioner also maintains that the 16 hours claimed to draft the "fact" section of the brief in support of summary judgment is excessive given counsel's 10 years of experience in the practice area and familiarity with plaintiff's case at the administrative level. Moreover, because the parties' joint agreement to seek remand obviated the need for counsel to review the government's response to plaintiff's brief on the merits and prepare a reply, the Commissioner posits that plaintiff's overall hours claimed should be reduced to 25 hours. (*Id*. at 1188-90.)

In reply, plaintiff argues that the hours claimed to prepare the "fact" section of the brief are not excessive given that the administrative record exceeded 1,000 pages, and the proceedings entailed two administrative hearings conducted two years apart, nine separate physicians' opinions, and detailed evidence supporting the credibility of plaintiff's complaints of pain. (Reply at 1197.) Plaintiff concedes that counsel spent a higher than average number of hours to prepare plaintiff's EAJA brief because plaintiff did not use prior work as a starting point, but offers to compromise by not claiming 4.3 hours of work performed by counsel to prepare plaintiff's EAJA reply brief. (*Id*. at 1199.)

Whether the hours in a social security case expended by counsel are reasonable depends upon the requirements of each case. *Ritchie*, 2015 WL 5316065, at *1 (citing *Glass v. Sec'y of Health and Human Servs.*, 822 F.2d 19, 20 (6th Cir. 1987)). Even where the client was represented by counsel at the administrative level, a thorough review of the record and preparation of a brief takes time. *Id*. at *3. Moreover, lawyers of equal experience vary in their approach to their representation and in the amount of effort they believe is appropriate and necessary to represent their client. *See Crim v. Comm'r of Soc. Sec.*, No. 1:11-CV-137, 2013 WL 1063476, at *4 (S.D. Ohio Mar. 14, 2013), *report and recommendation adopted,* No. 1:11CV137, 2013 WL 3367337 (S.D. Ohio July 5, 2013).

The total time spent by counsel in preparing plaintiff's brief on the merits consists of 27.4 hours over 6 days, and represents the largest single component of the total hours claimed. The Court has examined plaintiff's brief on the merits. (Doc. No. 12.) The detailed fact section comprises almost fifteen of twenty-five substantive pages with specific record citations. Beyond the factual background, the brief contains extensive citation to authority and analysis in support of plaintiff's arguments. After plaintiff's brief was filed, the Commissioner did not file a responsive brief, but rather filed a joint motion with plaintiff to remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). As a consequence, plaintiff's counsel was not required to review a response by the government and prepare a brief in reply.

After reviewing the brief, and considering the administrative record and the successful outcome secured by the brief, the Court concludes that the work performed by counsel to prepare the brief on the merits is reasonable in this case. *Glass*, 822 F.2d at ("The relevant question . . . is not what is required in *most* social security cases, but what did *this* case require.") (emphasis in original). Defendant argues that plaintiff's total hours are excessive because when the Commissioner agreed to remand the case for further proceedings, plaintiff was not required to review the government's response or prepare a reply brief. Plaintiff's counsel should not be penalized, however, for choosing to front-load her time and effort to prepare a thorough brief on the merits that successfully secured the desired outcome at the outset.

With respect to counsel's preparation of the EAJA motion, the Court agrees with the Commissioner that 9 hours is excessive. However, because plaintiff's counsel has agreed not to claim 4.3 hours for work performed to review the Commissioner's response and prepare a reply, the 9 hours claimed is not unreasonable when considered as a total effort to prepare the motion, review the Commissioner's response, and prepare a reply.

Finally, the Court observes that the total time claimed by plaintiff falls within the "average" reasonable range for social security cases of twenty to forty hours. *See Ritchie*, 2015 WL 5316065, at *1. Counsel's EAJA time sheet does not reflect duplicative work by multiple attorneys. There is no indication that the time claimed represents anything other than the hours required by counsel in this case to thoroughly and successfully represent her client. While plaintiff's claimed hours are at the high end of the average, for the reasons discussed above, the Court concludes that those hours were reasonably

8

incurred in this case. *See Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 806 (N.D. Ohio 2013) (awarding 33.7 hours of attorney work at an hourly rate of $176.00); *Shaffer v. Colvin*, No. 4:12CV3121, 2014 WL 185779, at *2 (N.D. Ohio Jan. 16, 2014) (granting fee application for claimed hours of 34.3 in the total amount of $6,157.64); *Stacey v. Comm'r of Soc. Sec.*, No. 1:14-CV-842, 2016 WL 3079130, at *8–9 (S.D. Ohio May 5, 2016), *report and recommendation adopted,* No. 1:14-CV-842, 2016 WL 3058298 (S.D. Ohio May 31, 2016) (awarding $9,607.00 for 52 hours at a hourly rate of $184.75).

### *Person entitled to payment*

In *Astrue v. Ratliff,* 560 U.S. 586, 130 S. Ct. 2521, 177 L.Ed.2d 91 (2010), the United States Supreme Court held that EAJA fees payable to the plaintiff are subject to setoff if the plaintiff has outstanding federal debts. That Court also implicitly recognized that the payment could be made directly to a plaintiff's attorney only in cases where the plaintiff both owes no debt to the government and has assigned any right to EAJA fees to the attorney. The Court orders the Commissioner to determine within 30 days of the date of this order whether plaintiff owes a pre-existing debt to the government, to offset that debt (if any) against the award herein, and to thereafter directly pay the balance to plaintiff, or to plaintiff's attorney, in accordance with the provisions of any assignment plaintiff has made with respect to EAJA fees.

## C. Conclusion

For the reasons set forth herein, plaintiff's motion is granted in part and denied in part. Plaintiff's motion for an hourly rate of $275.00 is denied, and the Court reduces the hourly rate to $185.00. Plaintiff's motion for 39.5 claimed hours is granted. Accordingly, the Court awards EAJA fees in the sum of $7,307.50 ($185.00 x 39.5), plus $400.00 for the filing fee to bring this action, for a total award of $7,707.50. This amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: December 5, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**